IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**RICKY RAY ROCKWELL,**

    **Movant,**

**v.**                                           **Case No. 3:14-cv-22817**
                                                   **Criminal No.: 3:12-00180-01**

**UNITED STATES OF AMERICA,**

    **Respondent.**


**PROPOSED FINDINGS AND RECOMMENDATIONS**

Pending before the court are Movant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, (ECF No. 99),[1] and the Response of the United States in opposition to the Motion. (ECF No. 106). This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, the undersigned respectfully **RECOMMENDS** that Movant's § 2255 Motion be **DENIED,** and this action be **DISMISSED, with prejudice,** and removed from the docket of the court.

**I.**    **Procedural History**

On July 11, 2012, Ricky Ray Rockwell ("Movant") was charged in a criminal complaint with violating 21 U.S.C. § 841(a)(1) by allegedly distributing heroin to a

---

[1] All citations to docket numbers refer to documents filed in the underlying criminal action, *United States v. Rockwell,* 3:12-cr-00180-01.

1

confidential informant on July 9, 2012 in exchange for $100. (ECF No. 1). A warrant was issued for his arrest. On July 23, 2012, an order was entered by this court on a petition for a writ of habeas corpus *ad prosequendum*, commanding the Western Regional Jail to surrender Movant, an unsentenced state prisoner, to the U.S. Marshal for the Southern District of West Virginia in order to secure Movant's presence at an initial appearance, preliminary hearing, and detention hearing on the criminal complaint. (ECF Nos. 10, 12). On July 30, 2012, Movant made his initial appearance on the criminal complaint. (ECF No. 15). After advising Movant of his rights and appointing him counsel, the court proceeded to conduct a preliminary hearing. The court found probable cause to believe that Movant had committed the offense charged in the complaint and addressed the issue of detention. (ECF No. 18). Movant, verifying that he was currently incarcerated in the Western Regional Jail on a pending state felony charge, waived his right to a detention hearing. (*Id.* at 2). A detention order was entered, and Movant was returned to state custody.

On August 29, 2012, a federal grand jury indicted Movant on the charge forming the basis of the criminal complaint. (ECF No. 21). On May 16, 2013, after Movant's release from state custody, an arraignment was held on the indictment. Movant entered a plea of not guilty, and the matter was scheduled for trial on July 23, 2013. (ECF No. 29). On June 7, 2013, Movant's court-appointed counsel filed a motion to withdraw, advising the court that he and Movant had encountered an irreconcilable breakdown in communications. (ECF No. 41). After conducting a hearing on the motion, the presiding District Judge granted the withdrawal, appointed replacement counsel, and rescheduled Movant's trial to October 1, 2013. (ECF Nos. 44, 46). The court noted that the time between July 23, 2013 and the new trial date would be excludable from the Speedy Trial Act computation

2

pursuant to 18 U.S.C. § 3161(h)(7)(A). (ECF No. 44).

On August 6, 2013, Movant filed a motion to dismiss the indictment for a violation of his right to a speedy trial. (ECF No. 48). Movant argued that because the criminal complaint was filed on July 9, 2012 and various orders were entered sealing and unsealing the complaint and scheduling the initial appearance and preliminary hearing, "the United States and the Court considered [Movant] under arrest on or before July 23, 2012." (*Id.* at 2). Therefore, the indictment, which was not returned until August 29, 2012, was not secured within thirty days of Movant's arrest, as required by the Speedy Trial Act, 18 U.S.C. § 3161(b). (*Id.*). In addition to the motion for dismissal of the indictment, Movant filed a motion to suppress his interrogation statement. (ECF No. 51). These motions were scheduled for hearing on September 16, 2013. (ECF No. 46).

Prior to the pretrial motions hearing, on September 9, 2013, a federal grand jury returned a superseding indictment against Movant, adding a charge that Movant conspired with others to distribute heroin and cocaine base within the Southern District of West Virginia in violation of 21 U.S.C. § 846. (ECF No. 53). On the day of the pretrial motions hearing, the court arraigned Movant on the superseding indictment. (ECF No. 60). At Movant's request, his trial was continued until November 19, 2013. The court denied Movant's motion to suppress his interrogation statement, but granted Movant additional time to file a brief in reply to the Government's response in opposition to the motion to dismiss the indictment. Movant subsequently renewed his motion to suppress the interrogation statement and filed other motions seeking additional discovery. On October 31, 2013, before the court ruled on the pending motions—including the speedy trial motion—Movant entered into a plea agreement with the United States. (ECF No. 88). The agreement provided that Movant would plead guilty to the conspiracy charge in

3

exchange for the Government's dismissal of the heroin distribution charge.

On November 4, 2013, Movant appeared before the presiding District Judge for a hearing under Fed. R. Crim. P. 11. (ECF No. 105). After questioning Movant and his counsel, the court first determined that Movant was fully capable and competent to enter an informed plea. (*Id.* at 3). Movant's counsel then reviewed in detail the terms of the plea agreement, and Movant acknowledged that he understood "what the agreement does and what it requires of [him]." (*Id.* at 4-6). Before accepting Movant's guilty plea, the court explained to Movant the nature of the charge against him, the consequences of pleading guilty to the charge, and the constitutional and other legal rights that Movant would lose by entering a guilty plea. (*Id.* at 8-14, 19-27). Of significance to the instant § 2255 motion, the court advised as follows:

> Court: In particular, Mr. Rockwell, you realize that your lawyer, Mr. Farrell, filed a number of motions on your behalf, including a motion to dismiss the indictment under a speedy trial argument, a motion to suppress the statement, a motion for some additional discovery. And although I've heard argument on those, you understand I haven't entered any order or ruling on any of those as of today.
>
> Movant: Yes, sir.
>
> Court: Now, do you understand by entering this guilty plea, you're giving up any of the arguments or claims that he made on your behalf in any and all of those motions?
>
> Movant: Yes, I do.

(*Id.* at 20). After completing a thorough recitation of the rights Movant would forfeit as a result of his guilty plea—including the right to a speedy trial—the court asked Movant if "knowing all of this, do you still want to plead guilty?" (ECF No. 105 at 20-27). Movant responded in the affirmative. The court continued by investigating the voluntariness of Movant's plea, ensuring that no one had threatened, forced, persuaded, enticed, or

4

otherwise coerced Movant into entering a guilty plea. Movant assured the court that pleading guilty was Movant's own idea, and was made freely and voluntarily. (*Id.* at 27). As such, the court found that Movant was competent and fully understood the charge against him, the consequences of entering a guilty plea, and the rights he was giving up. The court further determined that there was a factual and legal basis for Movant's guilty plea, and that the plea was offered knowingly and voluntarily. (*Id.* at 28).

On February 24, 2014, Movant was sentenced to 48 months' imprisonment. (ECF No. 95). Movant filed the instant motion to vacate or correct sentence on July 14, 2014. (ECF No. 99). He alleges that his rights under the Speedy Trial Act and his Sixth Amendment right to a speedy trial were violated when the United States failed to indict him on the original charge contained in the criminal complaint within thirty days of his arrest. Movant claims that he was "arrested" on the federal charge on July 9, 2012, because the drug sale to the confidential informant was arranged by the Federal Drug Enforcement Agency ("DEA") and his arrest was effected by a DEA agent. Movant also argues that he was placed under a federal detainer on July 11, 2012, and an order was entered on July 23, 2012, requiring him to appear in federal court. Therefore, the indictment, which was not returned until August 29, 2012, was improperly delayed and should have been dismissed by the district court. (*Id.* at 4). Movant asks for "dismissal" of his conviction, or in the alternative, that he be given credit toward his sentence for the ten months he spent in state custody. (*Id.* at 12).

On January 13, 2015, Movant filed a motion under 18 U.S.C. § 3582(c)(2), requesting a sentence reduction in light of amendments to the Sentencing Guidelines. (ECF No. 107). On August 7, 2015, Movant's motion was granted. (ECF No. 108). His sentence was reduced from 48 months to 46 months. The court noted that Movant had

received a downward variance at his original sentencing; accordingly, the guidelines' amendment allowed no more than the two-month reduction. (*Id.*) Movant has subsequently been released from custody. According to the Federal Bureau of Prisons inmate locator, Movant was released on August 12, 2016. *See* www/bop.gov/inmateloc.

## II.   Analysis

The law is well-settled that "an intelligent and voluntary plea of guilty generally bars habeas review of claims relating to the deprivation of constitutional rights that occurred before the defendant pled guilty." *Nixon v. United States*, No. 4:07-CR-53-FL, 2011 WL 2533917, at *4 (E.D.N.C. May 13, 2011) (citing *Tollet v. Henderson,* 411 U.S. 258, 267, 93 S.Ct. 1602, 1608, 36 L.Ed.2d 235, 243 (1973)). Moreover, a valid guilty plea acts as a waiver of all preceding non-jurisdictional defects, including violations of the Speedy Trial Act. *United States v. Timmons*, No. CR 3:12-513-JFA, 2016 WL 3562989, at *5 (D.S.C. Mar. 7, 2016) (citing *Tollett*, 411 U.S. at 258); *see, also, Washington v. Sobina,* 475 F.3d 162, 166 (3d Cir. 2007) (holding that a guilty plea waives a Sixth Amendment speedy-trial claim); *United States v. Gonzalez-Arimont,* 268 F.3d 8, 11-12 (1st Cir. 2001) (holding that entering a guilty plea without reserving the right to appeal waives a claim under Speedy Trial Act); *Ludwig v. United States,* 162 F.3d 456, 458 (6th Cir. 1998) ("We have explicitly held that failure to preserve a Speedy Trial Act challenge by entering into a conditional guilty plea effectively waives the issue for appeal"); *United States v. Coffin,* 76 F.3d 494, 496 (2d Cir. 1996) ("Because a defendant's right to a speedy trial is nonjurisdictional, a knowing and voluntary guilty plea waives a speedy trial claim unless the defendant specifically reserves the right to appeal"); *United States v. Bohn,* 956 F.2d 208, 209 (9th Cir. 1992) (holding that a guilty plea waives claims under the Speedy Trial Act)*; Smith v. United States*, 677 F.2d 39, 40–41 (8th Cir. 1982) ("[The defendant] is

6

precluded from obtaining relief on the ground he was unconstitutionally denied a speedy trial unless he can initially demonstrate that his plea of guilty was not based upon reasonably competent advice of counsel."); *United States v. Cruz,* 455 F. App'x 508, 510 (5th Cir. 2011) (confirming that a knowing, voluntary, and unconditional guilty plea waives nonjurisdictional defects, including alleged speedy trial violations); *and United States v. Valencia*, 556 F. App'x 916, 918 (11th Cir. 2014) ("[A]n unconditional guilty plea waives non jurisdictional defects such as the right to a speedy trial.").

Here, Movant entered into a knowing, voluntary, and intelligent guilty plea. Indeed, he does not allege otherwise in his petition. Furthermore, the transcript of the Rule 11 hearing demonstrates that Movant was fully advised of the charge against him and the consequences of pleading guilty. Movant explicitly acknowledged his understanding that he would waive any available speedy trial claim if he decided to enter a guilty plea. (ECF No. 105 at 20). Nevertheless, Movant expressed his desire to plead guilty and entered such a plea. A criminal defendant's statements, made under oath at plea proceedings, "carry a strong presumption of verity" and "constitute a formidable barrier against any subsequent collateral proceedings." *Blackledge v. Allison,* 431 U.S. 63, 74, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977). Movant offers no argument or evidence to refute the voluntary and intelligent nature of his guilty plea. Accordingly, the undersigned **FINDS** that Movant waived his claim under the Speedy Trial Act, as well as any Sixth Amendment claim that his right to a speedy trial was violated.

Apart from Movant's waiver, his motion fails because it is entirely without merit. Movant complains that his rights under the Speedy Trial Act were violated when the Government failed to indict him on the heroin distribution charge within thirty days of his arrest. Even if true, the heroin distribution charge was subsequently dismissed, and

7

Movant was convicted on conspiracy to distribute heroin and cocaine base, a charge not asserted until the superseding indictment. Consequently, Movant's Speedy Trial Act argument is inapposite. *See, e.g., United States v. Lozano*, 413 F.3d 879, 882 (8th Cir. 2005) ("Given that the remedy for a Speedy Trial Act violation is dismissal of the charge in question, and the [challenged] charge has already been dismissed [as part of plea agreement], Lozano cannot demonstrate prejudice and has no viable claim.")

"A criminal defendant's right under the [Speedy Trial] Act is separate and distinct from his Sixth Amendment right to a speedy trial." *United States v. Thomas,* 305 Fed. App'x. 960, 963 (4th Cir. 2009). Under the Sixth Amendment to the United States Constitution, "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. Const. amend. However, the Sixth Amendment right to a speedy trial generally "does not apply to … pre-indictment delay," as it "does not attach until the defendant has been indicted or arrested." *Jones v. Angelone,* 94 F.3d 900, 906 n. 6. (4th Cir. 1996). To succeed on a Sixth Amendment claim, Movant must demonstrate that the following four factors weigh in his favor: "(1) whether the delay [between indictment and trial] was uncommonly long; (2) what the reason was for the delay; (3) whether the defendant asserted his right to a speedy trial; and (4) whether prejudice resulted to the defendant." *United States v. Shealey*, 641 F.3d 627, 634 (4th Cir. 2011) (citing *Barker v. Wingo* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972)). "In addition to being a factor, the first inquiry is also a threshold requirement, because '[s]imply to trigger a speedy trial analysis, an accused must allege that the interval between accusation and trial has crossed the threshold dividing ordinary from presumptively prejudicial delay.'" *United States v. Woolfolk,* 399 F.3d 590, 597 (4th Cir. 2005) (quoting *Doggett v. United States,* 505 U.S. 647, 651–52 (1992) (quotation marks omitted)). In *Woolfolk,* the Fourth Circuit discussed

8

what length of time was generally considered "presumptively prejudicial," noting that the Supreme Court had found eight months to be "substantial" and one year to be the "'point at which courts deem the delay unreasonable enough to trigger the *Barker* [i]nquiry.'" *Woolfolk*, 399 F.3d at 597–98 (quoting *Doggett v. United States,* 505 U.S. 647, 652, n.1, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992)).

Movant's first indictment was returned on August 29, 2012, and the superseding indictment was returned on September 10, 2013. (ECF No. 53). On October 31, 2013, Movant signed a plea agreement and four days later entered his guilty plea after being fully advised of his rights, the charge against him, the terms of the agreement, and the consequences of his plea. (ECF Nos. 85, 87, 88). Accordingly, more than a year passed between the first indictment and the entry of a guilty plea, which arguably triggers a *Barker* inquiry.

However, none of the four factors weighs in favor of Movant. First, even though the indictment was filed in August 2012, Movant was not arrested on the indictment until May 2013, after he was released from state custody. He was arraigned on the indictment on May 16, 2013 and his trial was scheduled to begin on July 23, 2013. (ECF Nos. 28, 29). The trial was delayed because Movant became unhappy with his lawyer and asked him to withdraw from representation. (ECF No. 41). New counsel was appointed, and trial was rescheduled to October 1, 2013. (ECF No. 46). Movant's new counsel moved to dismiss the indictment on the basis that it violated the Speedy Trial Act, (ECF No. 48), and followed that motion with motions to suppress Movant's interrogation statements, for additional discovery, for a bill of particulars, to appeal the court's ruling on the motion to suppress Movant's statement, and a renewed motion to suppress. (ECF Nos. 48, 51, 67, 68, 73, 74, 76). One hearing had been held on pretrial motions, but another hearing was

9

scheduled on November 4, 2013 to address the remaining motions. (ECF No. 69, 81). Moreover, the superseding indictment was returned on September 10, 2013, adding the conspiracy charge. (ECF No. 54). Accordingly, trial was again rescheduled, at Movant's request, to November 19, 2013.

When more closely examining the events between the filing of the indictment and the entry of Movant's guilty plea, it becomes clear that the delay was not uncommonly long; particularly, when considering that much of the delay was excludable under the Speedy Trial Act. *See, e.g., United States v. Robinson*, No. CRIM.A. 3:12-00038, 2012 WL 5265880, at *2 (S.D.W. Va. Oct. 23, 2012) ("Specifically, § 3161(h)(1)(D), provides that any period of 'delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion' is excludable."); *see, also, United States v. Riley*, No. CRIM. WDQ-13-0608, 2015 WL 501786, at *14 (D. Md. Feb. 4, 2015) ("[A]lthough compliance with the Speedy Trial Act does not bar Sixth Amendment speedy trial claims, it will be an unusual case in which the time limits of the Speedy Trial Act have been met but the [S]ixth [A]mendment right to a speedy trial has been violated.") (quoting *United States v. Davenport,* 935 F.2d 1223, 1238–39 (11th Cir. 1991)). Furthermore, with respect to the second *Barker* factor, the delay can be characterized as valid. *United States v. Hall*, 551 F.3d 257, 270–71 (4th Cir. 2009) ("The reasons for a trial delay should be characterized as either valid, improper, or neutral. ... On this factor, a reviewing court must carefully examine several issues, specifically focusing on the intent of the prosecution.") (citations omitted). Here, Movant was responsible for the majority of the delay. He asked his counsel to withdraw; he filed numerous pretrial motions; and he requested a continuance of the trial date.

10

As to the third factor, while Movant raised a Speedy Trial Act challenge to the indictment based upon the 30-day requirement, he did not raise a Sixth Amendment speedy trial claim and never asserted any such challenge in relation to the conspiracy charge. Finally, in regard to prejudice, the fourth factor, "the Supreme Court has identified three defense interests for consideration: (1) whether there was an oppressive pretrial incarceration; (2) the anxiety and concern suffered by the accused; and (3) the possibility that the defense was impaired." *Hall*, 551 F.3d at 272 (citing *Barker v. Wingo*, 407 U.S. 514, 532, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972)). Movant has not alleged any specific prejudice related to his speedy trial claim. He does complain that the Bureau of Prisons failed to accurately account for the ten months that he spent in custody prior to his delivery to federal custody, but that concern is unrelated to the period of time he was incarcerated while awaiting his trial on the federal indictment. Consequently, the undersigned **FINDS** that Movant is unable to state factual allegations that support either a Speedy Trial Act claim, or a violation of the Sixth Amendment right to a speedy trial.

### III. Proposal and Recommendations

For the aforementioned reasons, the undersigned respectfully **PROPOSES** that the presiding District Judge confirm and accept the foregoing findings and **RECOMMENDS** that the Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, (ECF No. 99) be **DENIED**, and that this civil action be **DISMISSED** and removed from the docket of the Court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the

parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Chambers, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Movant and counsel of record.

**FILED:** August 22, 2016

_____
Cheryl A. Eifert
United States Magistrate Judge